# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 01 2026
BONNIE HACKLER
Clerk, U.S. District Court
By ____________
Deputy Clerk

Linda Austin,
as next of friend of Danny Foust

Plaintiffs,

v. 26-CV-83-JAR

Acadia Healthcare Company, Inc.,
Acadia Management Company, LLC,
Rolling Hills Hospital, LLC,

Defendants.

**OPINION & ORDER**

This case turns on a simple distinction. A voluntary dismissal is not a pause. It is an ending. Plaintiff dismissed her original state court action, filed a new lawsuit in a different county, and now asks this Court to carry the removal consequences of the first action into the second. The law cannot honor that request. The claims may be the same. The action is not.

Before the Court is Plaintiff's Motion to Remand [Dkt. No. 41]. Defendants filed a Response [Dkt. No. 45], and Plaintiff filed a Reply [Dkt. No. 47]. Defendants later filed a Notice of Decision in Similar Case [Dkt. No. 48]. For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff first asserted these claims against these Defendants in Oklahoma County District Court on October 20, 2021, in Case No. CJ-2021-4478. Defendants answered and litigated the case in state court for nearly four years. The parties exchanged substantial written discovery, conducted at least eight depositions, agreed to five scheduling orders, designated experts, and exchanged witness and exhibit lists. Defendants did not remove that action.

On June 11, 2025, Plaintiff voluntarily dismissed the action without prejudice under Okla. Stat. tit. 12, § 684(A). On August 27, 2025, Plaintiff refiled her claims in Pontotoc County as part of a single action combining the claims of four different patients. Those claims arose from different alleged injuries, different underlying events, and involved defendants who were not common to every plaintiff. On November 10, 2025, Defendants moved to sever the claims into four separate cases. Plaintiff opposed severance. On March 16, 2026, the state court granted the motion. At the hearing, the state court explained: "These are four different cases." [Dkt. No. 45-4 at 41:15–18]. The written order directed Plaintiff to file a new matter with a corrected caption and pay a new statutory filing fee. Plaintiff did so on March 17, 2026, and the new action was assigned Case No. CJ-2026-63. Defendants removed that action on March 23, 2026—six days later.

Plaintiff does not challenge complete diversity or the amount in controversy. Instead, she argues that remand is required because: (1) Defendants waived removal

by litigating the original action in state court; (2) judicial estoppel prevents Defendants from invoking federal jurisdiction; (3) removal was untimely under 28 U.S.C. § 1446; and (4) the voluntary-involuntary rule bars removal following the contested severance.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). The removing party bears the burden of establishing federal jurisdiction and must prove any contested jurisdictional facts by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953–54 (10th Cir. 2008). Because removal statutes are narrowly construed, doubts are ordinarily resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

A defendant may remove a civil action when the federal district court would have possessed original jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the action is between citizens of different states. *Id.* § 1332(a).

When an action is removable from its initial pleading, the notice of removal must be filed within thirty days after the defendant receives that pleading. Id. § 1446(b)(1). If the initial pleading is not removable, the defendant may remove within thirty days after receiving an amended pleading, motion, order, or other paper from which removability may first be ascertained. Id. § 1446(b)(3). A diversity action

ordinarily may not be removed under § 1446(b)(3) more than one year after the action commenced. Id. § 1446(c)(1).

## III. ANALYSIS

### A. Diversity Jurisdiction Exists

Plaintiff and Danny Foust are Oklahoma citizens. Acadia Healthcare Company, Inc. is a citizen of Delaware and Tennessee. The remaining Defendants are limited liability companies whose sole member is Acadia Healthcare. They therefore possess the citizenship of that member. See *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

Plaintiff's Petition seeks compensatory damages, treble damages, punitive damages, emotional-distress damages, and attorney fees. Plaintiff does not dispute Defendants' assertion that the amount in controversy exceeds $75,000.

The requirements of § 1332 are satisfied. The dispute is procedural.

### B. Defendants Did Not Waive Removal of This Action

A defendant may waive removal by taking substantial action in state court after the right to remove has accrued. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017). Defendants plainly chose to litigate the original Oklahoma County action in state court. Had that action remained pending, their conduct would present a substantial waiver question.

But that action did not remain pending. Plaintiff voluntarily dismissed it.

Under Oklahoma law, "once a case is dismissed without prejudice, any refiled action is considered a separate new action rather than a continuation of the previous lawsuit." *Thrasher v. Windsor Quality Food Co. Ltd.*, No. 130-CV-780-GKF-PJC, 2014 WL 1572411, at *2 (N.D. Okla. Apr. 18, 2014). A voluntary dismissal terminates the action and leaves the state court without further jurisdiction over it. *Gen. Motors Acceptance Corp. v. Carpenter*, 576 P.2d 1166, 1168 (Okla. 1978).[1] When a plaintiff later refiles the claims, a new action begins for removal purposes. *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 112330, at *1 (W.D. Okla. Jan. 12, 2012).

Plaintiff emphasizes that the parties and claims in this action are the same and that the discovery completed in the original action remains useful. That establishes factual continuity. It does not establish legal continuity. Plaintiff dismissed the original action and later filed a new Petition in a different county before a different court. The claims survived. The action did not. Defendants' Rule 41(d) motion does not alter that conclusion. Rule 41(d) applies when a plaintiff who previously dismissed one action later files another action based on or including the same claim. The Rule recognizes continuity of claims while presupposing separate actions.

---

[1] Defendants cite *Wiley v. Elec., Inc.*, 760 P.2d 182, 183 (Okla. 1988), for this proposition. [Dkt. 45 at 12, 16 n.5]. *Thrasher* uses the same citation. The correct caption and pinpoint are *Wiley Elec., Inc. v. Brantley*, 760 P.2d 182, 186 (Okla. 1988). *Wiley*, in turn, relies on *Carpenter* for the rule stated above.

Plaintiff relies on several out of circuit district court decisions. None are persuasive. *Korzinski v. Jackson*, 326 F. Supp. 2d 704, 706 (E.D.N.C. 2004), relied in part on North Carolina law characterizing a refiled action as a continuation of the original action. Oklahoma law treats the matter differently. *Thrasher*, 2014 WL 1572411, at *2. *Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs.*, 692 F. Supp. 3d 704 (S.D. Tex. 2022),[2] involved claims refiled after the state court granted the defendant's motion to dismiss, not after a plaintiff's voluntary dismissal. *Id.* at 708. More fundamentally, this Court declines to follow *Brazos*' claim-centered reading of § 1446(b)(1) because it gives insufficient effect to the statute's requirement that the initial pleading be the pleading "upon which such action or proceeding is based." *Id.* at 709–11. A pleading filed in a terminated action cannot constitute the initial pleading upon which this action is based. Plaintiff's remaining decisions are unpersuasive for the same reason. To the extent they treat identical parties and claims as carrying the removal consequences of a dismissed action into a later action, they substitute factual continuity for the statutory inquiry: when this action commenced.

---

[2] Plaintiff cites the case as *Brazos Presbyterian Homes Inc., v. Thompson Hancock Witte & Assocs.*, 692 F. Supp. 3d 704, 710 (S.D. Tex. 2022). [Dkt. 41 at 2, 16]. The correct case name is *Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs.*

Defendants' participation in the dismissed Oklahoma County action therefore did not waive removal of this action. A waiver in one lawsuit does not follow the claims forever.

Nor did Defendants waive removal after the present action became removable. Defendants removed six days after Plaintiff filed the separate Petition. They took no intervening action inconsistent with removal.

### C. Judicial Estoppel Does Not Apply

Judicial estoppel protects the integrity of the judicial process by preventing a party from deliberately changing positions according to the demands of the moment. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Courts generally consider whether: (1) the party's later position is clearly inconsistent with its earlier position; (2) the party persuaded a court to accept the earlier position; and (3) allowing the later position would create an unfair advantage or impose an unfair detriment. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005). The allegedly inconsistent position generally must concern a fact rather than a legal conclusion. *Id.*

Plaintiff relies upon Defendants' admission in the original action that jurisdiction was proper in Oklahoma County District Court. But jurisdiction is a legal question, not a factual representation. More importantly, the admission is not inconsistent with removal. Diversity jurisdiction in federal court is generally concurrent with the jurisdiction of the state's courts of general jurisdiction. *Holt v.*

*King*, 250 F.2d 671, 675 (10th Cir. 1957). Defendants do not contend that the Oklahoma County District Court lacked jurisdiction. Nor do they contend that federal jurisdiction was mandatory. They contend only that this later filed action was removable under §§ 1332 and 1441.

Plaintiff also has not shown that Defendants persuaded the state court to accept any position inconsistent with removal. The state court's administration of the original action did not decide whether a future lawsuit could be removed.

Finally, Plaintiff identifies no unfair advantage obtained by Defendants. The need to proceed under the Federal Rules applies equally to both sides. Any additional expert disclosures or discovery obligations will bind Defendants as surely as they bind Plaintiff. Nor is the loss of Plaintiff's preferred forum, standing alone, an unfair detriment for judicial estoppel purposes. It is the ordinary consequence of a proper removal.

Defendants have not taken inconsistent positions, misled either court, or obtained an unfair advantage. Judicial estoppel does not apply.

### D. Removal Was Timely

Plaintiff's timeliness argument treats the 2021 Oklahoma County action, the 2025 Consolidated Case, and this action as one continuous lawsuit. They are not. The voluntary dismissal forecloses that premise. It terminated the 2021 action, and Plaintiff's August 2025 filing commenced another. That the original action may have

been removable when filed does not change the result. Any removal deadline or waiver attached to that action ended with it.

By voluntarily dismissing the original action and later filing the severed new case, Plaintiff commenced a new action for removal purposes. *Beebe*, 2012 WL 112330, at *1. Because this action was removable when filed, Defendants had thirty days after service to remove it. 28 U.S.C. § 1446(b)(1). They removed six days later. Even if § 1446(c)(1)'s one year limitation applied, it would run from the commencement of this action, not the action Plaintiff dismissed. *Beebe*, 2012 WL 112330, at *1.

Removal was timely under both § 1446(b) and § 1446(c)(1).

### E. The Voluntary-Involuntary Rule Does Not Bar Removal

Under the voluntary-involuntary rule, a case that was not initially removable ordinarily cannot be made removable by evidence supplied by the defendant or by a state court order deciding an issue on the merits. *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). The Tenth Circuit has likewise explained that a case cannot be removed when the removability results from "a court order rendered on the merits of the case." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir. 1979).[3] And *DeBry* itself involved an existing action made removable through the plaintiffs'

---

[3] Defendants cite *DeBry*, 601 F.2d at 455, for this language. [Dkt. 45 at 26]. The opinion begins at page 480; the quoted language appears at page 488.

voluntary amendment of their jurisdictional allegations—not a procedural severance creating a new action. *Id.* at 487–88.

The rule does not apply here for two independent reasons. First, Defendants did not remove the nondiverse Consolidated Case. They removed the Severed New Case. The state court directed Plaintiff to file a new matter under a corrected caption and pay a new statutory filing fee. Plaintiff did so. The resulting action was completely diverse and removable when commenced. It did not become removable through some later development. It began removable. Plaintiff's opposition to severance does not change what action Defendants removed or whether that action was removable when commenced.

Second, even if the severance were treated as an event occurring within an existing action, it did not decide any claim or defense on the merits and did not dismiss any party or claim. It determined only that four different cases should proceed separately. As *Wade* explains, "Application of the voluntary-involuntary rule is not implicated because the state court judge's order did not result in the dismissal of a non-diverse defendant and was not on the merits." *Wade v. Johnson & Johnson*, 54 F. Supp. 3d 1247, 1251 (W.D. Okla. 2014).

Judge Jackson recently reached the same conclusion in a case arising from the same state court consolidation. *Crabtree v. Acadia Healthcare Co., Inc.*, No. 6:26-CV-00082-GLJ, Dkt. 40 at 10–12 (E.D. Okla. June 2, 2026) [Dkt. 48-1]. There, the court concluded that a true severance creating a separately filed action was not a ruling on

the merits and therefore did not implicate the voluntary-involuntary rule. *Id.* The Court agrees with that reasoning.

Plaintiff's reliance on *Sanders v. Merck & Co., Inc.*, No. 07-64-GPM, 2007 WL 924497 (S.D. Ill. Mar. 27, 2007), does not alter that conclusion. *Sanders* determined that the severance placed the diverse claims in a new case under a new docket number and created complete diversity. *Id.* at *4. Yet, in a single sentence, it concluded that the voluntary-involuntary rule applied because the plaintiffs had opposed severance. *Id.* at *5. For that proposition, *Sanders* relied only on another out of circuit district court decision. It did not reconcile its new action finding with a rule governing when an existing action becomes removable. Nor did it explain why a procedural severance that adjudicated no claim and dismissed no party should be treated like the involuntary merits rulings addressed in *Great Northern* and *DeBry*. No Tenth Circuit decision extends the rule that far. This Court declines to do so.

Plaintiff's reliance on *Stroud v. Am. Econ. Ins. Co.*, No. 24-CV-00223-GKF-SH, 2024 WL 3186652 (N.D. Okla. June 26, 2024), is misplaced. *Stroud* held that the state court's order merely bifurcated the plaintiff's claims for trial and did not create separate civil actions. *Id.* at *1, *3. In an alternative analysis, *Stroud* stated that even a true severance would not permit removal because the plaintiff had opposed it. *Id.* at *2. But *Stroud* treated the absence of a voluntary act as dispositive without addressing the consequence of the new civil action created by a true severance or

whether a nonmerits severance implicates the voluntary-involuntary rule. The Court therefore does not find that alternative reasoning persuasive here.

Nor does this conclusion require reliance on fraudulent joinder or fraudulent misjoinder. This Court is not deciding whether Plaintiff's claims were properly joined with the claims of the other plaintiffs. The state court already decided that question and severed the cases. This Court decides only whether the resulting action satisfies §§ 1332 and 1446. It does. Accordingly, Plaintiff's argument that Defendants failed to plead fraudulent joinder or fraudulent misjoinder in the notice of removal does not affect the result.

That result is also consistent with *Bloodworth v. Durant HMA Physician Mgmt., LLC*, No. CIV-23-172-EFM-GLJ, 2023 WL 6035688, at *4 (E.D. Okla. July 21, 2023), report and recommendation adopted, 2023 WL 6847558, at *1 (E.D. Okla. Oct. 17, 2023). *Bloodworth* rejected the fraudulent-misjoinder doctrine and endorsed state-court severance before removal as the proper alternative, recognizing that a defendant could remove after the state court granted severance. Implicit in that procedure is the conclusion that a nonmerits severance does not foreclose otherwise proper removal. The contrary conclusion would turn "sever and then remove" into "sever and then remand."

The state court did not dismiss any plaintiff, defendant, claim, or defense. It placed four separate disputes on four separate tracks. Because that severance was not a decision on the merits, the voluntary-involuntary rule does not bar removal.

## IV. CONCLUSION

Plaintiff voluntarily dismissed the original lawsuit. She later filed a new action in a different county and combined her claims with those of three other plaintiffs. After the state court determined that they were four different cases and severed them, Plaintiff filed this separate action. Defendants removed it six days later.

The parties are completely diverse. The amount in controversy exceeds $75,000. Removal was timely. Defendants did not carry a waiver from the action Plaintiff dismissed, judicial estoppel does not apply, and the state court's nonmerits severance does not implicate the voluntary-involuntary rule.

The claims may be the same. The action is not. Accordingly, Plaintiff's Motion to Remand [Dkt. No. 41] is **DENIED**.

**IT IS SO ORDERED** this 1st day of October 2026.

Jason A. Robertson
United States Magistrate Judge