# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 01 2026
BONNIE HACKLER
Clerk, U.S. District Court
By_______________
Deputy Clerk

LINDA AUSTIN, as Next Friend of DANNY FOUST,

Plaintiff,

v.

ACADIA HEALTHCARE COMPANY, INC., ACADIA MANAGEMENT COMPANY, LLC, and ROLLING HILLS HOSPITAL, LLC,

Defendants.

Case No. 26-CV-83-JAR

## OPINION & ORDER

This motion asks Rule 41(d) to do work the record will not support. Defendants seek reimbursement for a deposition they can still use and $6,146.01 in copying costs they cannot trace. The Rule permits an award of costs. It does not make one automatic.

Before the Court is Defendants' Special Appearance and Motion to Stay and Tax Costs Per Fed. R. Civ. P. 41(d) and Brief in Support (Renewed from State Court Proceedings) [Dkt. No. 10]. Plaintiff filed a Response [Dkt. No. 44], and Defendants filed a Reply [Dkt. No. 46]. Defendants seek $7,351.51 and a stay until Plaintiff pays it. The Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed the original action in Oklahoma County District Court in 2021. The parties litigated it for several years before Plaintiff voluntarily dismissed it without prejudice on June 11, 2025. Plaintiff later included the same claims in a

consolidated action in Pontotoc County. After the state court severed the four plaintiffs' claims, Plaintiff filed this action, and Defendants removed it. Defendants then renewed their state court request for costs under Rule 41(d).

## II. ANALYSIS

Rule 41(d) provides that when a plaintiff dismisses an action and later files an action based on the same claim against the same defendant, the court *may* order the plaintiff to pay all or part of the earlier action's costs and may stay the new action until payment. Fed. R. Civ. P. 41(d). Plaintiff does not dispute that the threshold conditions are satisfied or that the Court possesses discretion. That concession establishes the Court's authority. It does not establish Defendants' entitlement. The word *may* matters. See *Meredith v. Stovall*, No. 99-3350, 2000 WL 807355, at *1 (10th Cir. June 23, 2000).

Defendants seek $6,146.01 in copying costs and $1,205.50 for a deposition transcript. Neither request warrants an award.

First, the $1,205.50 invoice is for the original and two certified copies of Linda Austin's deposition. Austin is the Plaintiff and Mr. Foust's next friend. This action contains the same claims against the same Defendants. Defendants do not contend that the transcript is unavailable or useless here. The transcript followed the claims into this action. So did its value.

Defendants answer that Rule 41(d) does not expressly exclude costs for useful work. That misses the point. The Rule does not require the Court to award any cost. Even assuming useful expenses may be awarded, the Court declines to shift an

expense that remains fully available to Defendants and has not been shown to have been wasted because of the dismissal.

Second, the $6,146.01 copying request is unsupported. Counsel's affidavit supplies the number and nothing behind it. It identifies no documents, page count, rate, purpose, or allocation. The attached invoices do not reconcile to that total. The only copying invoices that even mention Austin total $813.50, also identify the Crabtree matter, and do not allocate the charges between the two cases. Nothing in the record accounts for the remaining $5,332.51.

A party asking the Court to award an exact amount must be able to explain how it reached that amount. Defendants cannot. Submitting a stack of invoices is not the same as explaining them. The Court will not search through invoices concerning several plaintiffs and several cases, determine which charges might belong here, and construct an allocation Defendants never made. That work belonged to the movants, not the Court.

Defendants emphasize that the burden of supporting copying costs is not high. True enough. But a low burden is still a burden. Under the authority Defendants invoke, a party need not justify every individual copy, but it must still demonstrate that the copies were reasonably necessary and that the amount sought is reasonable. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148–49 (10th Cir. 2009). A conclusory statement that $6,146.01 was "reasonably incurred" proves neither. Nor does a general description of an active case identify what was copied, why it was necessary, or how the unexplained total was calculated.

Defendants' accuse Plaintiff of forum shopping and vexatious conduct, yet they seek no costs tied to the consolidation, the severance proceedings, or the refiling they criticize. They seek ordinary deposition and copying expenses from the original action. Even if every accusation concerning Plaintiff's motives were accepted, rhetoric cannot supply the missing accounting. Defendants have not connected the conduct they condemn to the dollars they ask this Court to shift.

The state court's one-page order awarding costs in the *Andrews* matter does not cure these defects. [Dkt. No. 46-1]. That order involved different plaintiffs, different amounts, and a state statute. It contains no findings explaining the awards and supplies none of the proof missing here.

Judge Jackson denied a materially identical request in the companion case for essentially the same reasons. *Crabtree v. Acadia Healthcare Co., Inc.*, No. 6:26-CV-00082-GLJ, Dkt. 41 at 5–6 (E.D. Okla. June 2, 2026). The Court agrees with that reasoning. Whatever Rule 41(d) may permit at its outer edge, the Court will not use it to reimburse work that retains its value or costs that remain unexplained.

Because the Court declines to tax costs, there is no basis to stay the case.

## III. CONCLUSION

Rule 41(d) may protect against paying twice for the same work. It does not convert useful work into a loss or an unexplained number into proof, or the movant's burden into the Court's labor. Defendants had to prove the costs they wanted taxed. They did not.

Accordingly, Defendants' Special Appearance and Motion to Stay and Tax Costs Per Fed. R. Civ. P. 41(d) and Brief in Support (Renewed from State Court Proceedings) [Dkt. No. 10] is DENIED.

**IT IS SO ORDERED** this 1st day of October 2026.

Jason A. Robertson
United States Magistrate Judge